UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| GERALD HARBOUR, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| PRAIRIELAND FSC, INC., | ) | |
| | ) | |
| Defendants. | ) | **Jury Demand** |

**Complaint**

The plaintiff, GERALD HARBOUR ("Harbour"), states the following in support of his complaint against the defendant, PRAIRIELAND FSC, INC. ("Prairieland"):

**Nature of Claims**

1.  This lawsuit is brought by Harbour against Prairieland, his former employer. The complaint alleges two separate and distinct violations. The first is a claim under the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621 *et seq*. Harbour's second claim is brought under an Illinois law, the Illinois Sales Representative Act (the "Act"), 820 ILCS 120/0.01 *et seq*.

**Jurisdiction and Venue**

2.  Harbour brings this lawsuit alleging two separate legal theories. His first claim is an age discrimination claim that is brought under federal law, the ADEA. This Court has jurisdiction to entertain that claim because it is premised upon a federal statute. Harbour's second claim is brought under Illinois law and this Court has supplemental jurisdiction to hear that claim.

3. The actions giving rise to this complaint occurred in Cental Illinois and Prairieland is headquartered in Jacksonville, Illinois. The decision to terminate Harbour's employment was made in Morgan County, Illinois making venue appropriate in this Court.

## Parties

4. Gerald Harbour was born on August 19, 1960, and resides in Christian County, Illinois. He was previously employed by Prairieland as a sales representative and was involuntarily terminated from his position on January 31, 2017.

5. Prairieland is a company located in Illinois that, amongst other things, sells agricultural products.

## Count I
### *Age Discrimination*

6. At all times relevant to his employment Harbour performed his job duties in a satisfactory manner. Shortly before his termination he was named as Prairieland's salesperson of the year.

7. Prarieland terminated Harbour's employment on January 31, 2017.

8. Other individuals who were significantly younger than Harbour, and who were not performing as well as Harbour, were not terminated.

9. Harbour, at the time of his termination, was an age that would entitle him to protection from discrimination on the basis of age under the ADEA.

10. Had it not been for Harbour's age, his employment with Prairieland would not have been terminated.

11. Prior to initiating this lawsuit Harbour filed a charge of discrimination with the United States Equal Employment Opportunity Commission (Charge No. 21B-2017-01233).

12. On July 25, 2018, Harbour received a right to sue notice from the United States Equal Employment Opportunity Commission.

13. Harbour has sustained damages as a result of the foregoing. In this respect he has lost wages, benefits and sustained other financial losses. Harbour has also sustained emotional damages as a result of his termination.

Wherefore, Harbour requests that this Court enter judgment in his favor and against Prairieland and order the following relief:

1. An award of damages sufficient to compensate Harbour for his injuries.

2. An award of attorney fees incurred to proceed on this claim.

3. An award of liquidated damages.

3. Equitable relief, including reinstatement.

4. Any other relief that is appropriate and just.

## Count II
*Illinois Sales Representative Act*

14. Harbour was employed by Prairieland as a "sales representative" as that term is defined by the Illinois Sales Representative Act.

15. Harbour was paid both a base salary and was also paid commissions on his sales.

16. During the course of a calendar year Harbour was paid his base salary and also a partial draw against commissions. Each year a recapitulation would be made to pay Harbour for the commissions that he had not already received.

17. At the time of Harbour's termination he had already made sales for which commissions had not yet been paid and for which he had not received a draw. The Act provides that commissions are to be paid to a terminated employee within 13 days of when they become due.

18. Between February 1, 2017, and the end of 2017 Harbour would have earned approximately $50,000 in additional commissions for sales that he made during the term of his employment. Harbour was owed these sums under the Act. Ultimately, Harbour was not paid these commissions.

19. As a result of the foregoing, Prairieland has violated Harbour's rights under the Act by failing to pay him commissions he is owed..

19. Harbour has sustained damages as a result of Praireland's actions in the form of lost commission payments.

Wherefore, Harbour requests that this Court enter judgment in his favor and enter an order providing for the following:

1. Find that Prairieland has violated his rights under the Act.

2. Award him his actual damages under the Act.

3. Award him treble damages under the Act.

4. Order that Prairieland pay him his legal fees and costs associated with bringing this claim.

**Plaintiff Demands a Jury Trial on All Counts**

s/ *John A. Baker*

JOHN A. BAKER
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
(T):	(217) 522-3445
(F):	(217) 522-8234
(E):	jab@bbklegal.com